**Howard LEE**

v.

**Victor G. WALKER, Warden, Louisiana State Penitentiary, and the State of Louisiana.**

**No. 752.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

July 9, 1964.

L. B. Ponder, Jr., Ponder & Ponder, Amite, La., for petitioner.

Jack P. F. Gremillion, Atty. Gen., Teddy W. Airhart, Jr., Asst. Atty. Gen., Baton Rouge, La., Duncan S. Kemp, Dist. Atty., Amite, La., for respondents.

WEST, District Judge.

Petitioner, Howard Lee, filed this application for the issuance of a writ of habeas corpus. He is presently incarcerated in the Louisiana State Penitentiary under a sentence of life imprisonment imposed after a guilty plea on a charge of aggravated rape. Petitioner, in his application for a writ of habeas corpus, alleges that he is not guilty of the crime to which he pleaded guilty; that he did not understand the nature of the crime with which he was charged or to which he was pleading guilty; that he did not understand or appreciate the nature of the sentence imposed upon him until after he was received at the Louisiana State Penitentiary; that he was denied the benefit of counsel, even though charged with a capital offense; and that he was compelled, advised and ordered by deputies to plead guilty to an offense which he did not commit. In view of the seriousness of the charges now made by petitioner, this Court granted him a full evidentiary hearing that was held on May 6, 1964. At the hearing, petitioner was represented by his retained counsel and given every opportunity to introduce and present any and all evidence that might tend to substantiate his allegations. After hearing the evidence produced by

---

petitioner, and after hearing the argument of counsel, this Court concludes, for the following reasons, that petitioner's charges are absolutely and totally without any merit whatsoever. As a matter of fact, this Court must, of necessity, conclude that the representations made in this application filed on behalf of petitioner are completely false and constitute a complete misrepresentation of the facts leading up to petitioner's incarceration.

Petitioner was indicted by a regularly constituted Louisiana grand jury on September 19, 1957, on a charge of aggravated rape, the maximum penalty for which is death. Petitioner, who was then 47 years of age, was arrested on a Sunday night, after having been indicted on a charge of raping a six year old girl. On Tuesday, two days later, his mother, Katie Lee, retained L. B. Ponder, Attorney at Law, of Amite, Louisiana, to represent petitioner. On September 26, 1957, petitioner, accompanied by his retained counsel, Mr. L. B. Ponder, Jr., appeared in Court for arraignment and pleaded "Not Guilty" to the charge of aggravated rape, whereupon his counsel was given ten days within which to file additional pleadings. At the same time, the case was set for trial on the fourth Monday in January, 1958. On October 9, 1957, petitioner, through his said counsel, filed a "Demurrer and Motion to Quash," alleging, as its only ground, that the indictment did not set forth a crime, and that it did not sufficiently inform defendant of the nature and circumstances of the crime committed. No other motions or pleadings were filed by petitioner or his counsel. On January 27, 1958, petitioner appeared in Court, again accompanied by his attorney, and requested leave of Court to withdraw his plea of not guilty and to enter a plea of "guilty to aggravated rape without capital punishment." This plea was accepted by the Court, and petitioner was thereafter sentenced to imprisonment in Louisiana State Penitentiary at hard labor for the balance of his natural life. Each year since his incarceration, petitioner has applied to the Board of Parole for the State of Louisiana, and/or to the Pardon Board, and his request for pardon or parole has, in each instance, been denied.

It is extremely difficult to understand how, in good conscience, this petitioner or his counsel could come into this Court now and contend that petitioner was not, at every stage of the proceedings had against him, represented by counsel. During the hearing on this matter, petitioner's mother, Katie Lee, testified that petitioner was arrested on a Sunday, and on the following Tuesday, two days later, she retained counsel to represent petitioner. There is no allegation in this matter that petitioner was, at any time during his detention, denied access to his counsel. He was counselled during the entire proceedings by L. B. Ponder, Jr., Esq., who is also representing petitioner in these proceedings before this Court. Mr. Ponder is an attorney of no little renown in the field of criminal law, and is, without doubt, one of the leading criminal lawyers in his section of the state. There is not, nor could there be, any claim that petitioner was not represented by competent counsel. Petitioner testified during this hearing, and in the course of his testimony stated that his attorney, Mr. Ponder, had advised him to plead guilty to the charge of aggravated rape, without capital punishment, and his attorney explained to him the fact that if he were to plead not guilty, and then found to be guilty, that he could receive the death penalty. Petitioner claims that between Sunday night when he was arrested, and Tuesday morning, when counsel was retained to represent him, that he had signed a confession at a time when he was not represented by counsel. However, petitioner freely admitted during the hearing before this Court that he was not in any way threatened, intimidated, or coerced into making this confession, and petitioner has not, either in his present application or during his testimony in Court, intimated in any way that the confession given by him was not freely and voluntarily given with full

knowledge of his constitutional rights. The confession was not, of course, used against the defendant anyway because of the fact that, upon advice of his counsel, he ultimately withdrew his plea of not guilty and voluntarily entered a plea of guilty.

The only evidence produced during the hearing on this matter was the testimony of the petitioner, Howard Lee, and that of his mother, Katie Lee. Howard Lee is a mature, adult male, 56 years of age, possessing a fifth grade education. He certainly impressed this Court as being of sufficient intelligence to completely understand the proceedings against him and the seriousness of the whole affair. He testified in Court that after his arrest he knew precisely what the charge was that had been lodged against him, and that he was completely aware of the fact that the maximum penalty for this offense was death. He testified that while he was questioned in jail by two deputy sheriffs, at no time did either of these deputies strike him, threaten him, coerce him, or make any promises to him whatsoever. He further testified that he did sign a confession, and that at the time he gave it he knew its contents, and that he full well knew that he was confessing to the commission of the crime of raping a six year old girl. He stated in Court that he was neither forced nor ordered to sign the confession, nor did he ever, in any way, indicate to the deputies that he was not signing the confession of his own free will and accord. The crux of this whole matter is that petitioner's attorney apparently advised him that if he pleaded guilty he would probably receive a sentence of between ten and twenty years. After he pleaded guilty, on advice of counsel, instead of receiving ten or twenty years, he received life imprisonment. His real complaint now is that he received a longer sentence than he anticipated. But it must not be overlooked that he could have received the death penalty.

There is simply not one iota of evidence in this record to substantiate the allegations made by this petitioner in his application for the issuance of a writ of habeas corpus. There is no evidence of any kind that his constitutional rights were in any way violated, and consequently, his application for the issuance of a writ of habeas corpus must be denied.